IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DENISE L. DAVIS, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-0418 |
| | § | |
| NORDSTROM fsb, | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This is a civil case brought by Plaintiff Denise L. Davis ("Davis") against
Defendant Nordstrom fsb ("Defendant"). Pending before the Court is Defendant's
Motion to Dismiss ("Motion to Dismiss") [Doc. # 21] seeking dismissal for want of
personal jurisdiction. Davis has neither filed a response in opposition to the Motion to
Dismiss nor requested additional time to do so. Having considered the full record in
this case and applicable legal authorities, the Court concludes Defendant's Motion to
Dismiss should be **granted**.

## I.   BACKGROUND

Davis is an individual who applied for and received a credit card from
Defendant. Davis and Defendant had disagreements over the billing and termination
of this credit card. Davis brings this lawsuit alleging claims under the Truth in Lending

Act, 15 U.S.C. § 1601 *et seq.*, and the Fair Credit Billing Act, 15 U.S.C. § 1666, *et seq.*

## II.   MOTION TO DISMISS

### A.   Personal Jurisdiction Legal Standards

When a nonresident defendant challenges personal jurisdiction, the party asserting jurisdiction bears the burden of establishing jurisdiction over the defendant. *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999) (citing *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994)).  Where there has been no evidentiary hearing on a defendant's motion to dismiss, the party asserting jurisdiction need only present facts sufficient to make out a *prima facie* case supporting jurisdiction. *Cent. Freight Lines Inc. v. APA Transport Corp.*, 322 F.3d 376, 380 (5th Cir. 2003) (citing *Alpine View Co. v. Atlas Copco A.B.*, 205 F.3d 208, 214 (5th Cir. 2000)).  A *prima facie* showing may be established by the pleadings, depositions, affidavits, or exhibits of record.  *See Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 625 (5th Cir. 1999).  The court must accept the plaintiff's uncontroverted, non-conclusory factual allegations as true and resolve all conflicting allegations in the plaintiff's favor.  *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2003).  The law does not, however, require the court to credit conclusory allegations, even if uncontroverted. *Id.* at 869.

"The Due Process Clause of the Fourteenth Amendment permits the exercise of personal jurisdiction over a nonresident defendant when (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice.'" *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999) (quoting *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 316 (1945)); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–77 (1985). Both the "minimum contacts" prong and the "fundamental fairness" prong must be satisfied in order for this Court to exercise personal jurisdiction over a defendant. *See Burger King*, 471 U.S. at 476–77.

The minimum contacts prong may be established under a theory of either "general" or "specific" personal jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–15 (1984); *Freudensprung*, 379 F.3d at 343. "A court may exercise specific jurisdiction when (1) the defendant purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; and (2) the controversy arises out of or is related to the defendants [*sic*] contacts with the forum state." *Freudensprung*, 379 F.3d at 343 (citing *Helicopteros Nacionales*, 466 U.S. 408).

When there is no specific jurisdiction because the cause of action does not arise from or relate to the foreign corporation's purposeful conduct within the forum state, due process requires that there be "continuous and systematic contacts" between the State and the foreign corporation to support an exercise of general personal jurisdiction by that forum. *Helicopteros Nacionales*, 466 U.S. at 414–15; *Freudensprung*, 379 F.3d at 343 (citing *Nuovo Pignone v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002)).   General jurisdiction's "continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum." *Submersible Sys., Inc. v. Perforadora Cent., S.A. de C.V.*, 249 F.3d 413, 419 (5th Cir. 2001) (citing 16 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE ¶ 108.41[3] (3d ed.1999).

Once the plaintiff has established a *prima facie* showing of the minimum contacts prong, the burden shifts to the defendant to establish the second prong of the due process analysis: "that the exercise of jurisdiction would not comply with 'fair play' and 'substantial justice.'" *Freudensprung*, 379 F.3d at 343 (citing *STORMAN ASIA M/V*, 310 F.3d at 378).   In assessing the fundamental fairness prong, courts typically consider a number of factors, including: "(1) the defendant's burden; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the shared

interest of the several states in furthering fundamental substantive social policies." *See Gundle Lining Constr. Corp. v. Adams County Asphalt, Inc.*, 85 F.3d 201, 207 (5th Cir. 1996) (citing *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 113 (1987); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)).

### B.    Analysis

Defendant moves to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).  In her Second Amended Complaint, Davis alleges: "General jurisdiction is acquired because Defendant has cardholders in and does business with people in the State of Texas."[1]  Davis does not identify the state in which either party resides.  The record reflects, however, that neither party is a Texas resident.[2]  Davis has alleged no other factual allegations relevant to personal jurisdiction.

Dismissal is warranted for two reasons.  First, the motion is unopposed.  Davis has not filed a response in opposition and the time to do so under the Local Rules has expired.[3]  *See* S.D. Tex. R. 7.3.  Pursuant to the Local Rules of the United States

---

[1]     Plaintiff's Second Amended Complaint [Doc. # 1], ¶ 2.

[2]     In an affidavit, Defendant states that its principal place of business is in Scottsdale, Arizona and that Davis is a resident of Colorado Springs, Colorado.  Affidavit of Eva Chadwick, Exhibit 1 to Motion to Dismiss, ¶¶ 2, 4.

[3]     In cases where dismissal is with prejudice, courts must consider the merits of a motion to
(continued...)

District Court for the Southern District of Texas, failure to respond to a motion is taken as a representation of no opposition. *See* S.D. Tex. R. 7.4.  Counsel for Davis has informed the Court that he does not intend to file a response to Defendant's Motion to Dismiss, apparently conceding that the Court lacks personal jurisdiction over Defendant.

The Court alternatively considers the merits of the personal jurisdiction analysis and concludes dismissal is warranted because Davis has not met her burden to make a *prima facie* showing sufficient to support this Court's exercise of personal jurisdiction over Defendant. *See Cent. Freight Lines Inc*, 322 F.3d at 380; *Alpine View Co*, 205 F.3d at 214.  Because Davis does not contend her claims relate to or have any connection with Defendant's purposeful conduct with Texas, the Court proceeds with a general jurisdiction analysis.  *See Helicopteros Nacionales*, 466 U.S. at 414–15; *Freudensprung*, 379 F.3d at 343.

Davis merely alleges in conclusory fashion that general jurisdiction exists because Defendant has cardholders in and does business with people in Texas.  *See*

---

[3]    (...continued)
dismiss notwithstanding the non-movant's failure to file a response in opposition.  *See Johnson v. Pettiford*, 442 F.3d 918–19 (5th Cir. 2006) (vacating judgment of district court that dismissed case solely because plaintiff failed to file a response in opposition to a motion to dismiss); *Ramsey v. Signal Delivery Serv.*, Inc., 631 F.2d 1210, 1213–14 (5th Cir. 1980) (same).  These authorities do not govern this Motion to Dismiss, however, because dismissal here is without prejudice to Davis refiling in an appropriate forum.

Plaintiff's Second Amended Complaint, ¶ 2 ("General jurisdiction is acquired because Defendant has cardholders in and does business with people in the State of Texas."). Davis has not made any specific factual allegations about the number of alleged cardholders or the scope and frequency of Defendant's alleged business in Texas. Davis has offered no proof of Defendant's contacts with Texas in response to Defendant's Motion to Dismiss.  Defendant argues that it lacks sufficient continuous and systematic contacts with Texas to support the Court's exercise of general personal jurisdiction and that Davis has not made a *prima facie* showing to the contrary.

A nonresident defendant has continuous and systematic contacts with the forum state, only when the contacts unrelated to the claim are "substantial." *Wilson*, 20 F.3d at 649. "It is well established that 'merely contracting with a resident of the forum state is insufficient to subject the nonresident to the forum's jurisdiction.'" *Freudensprung*, 379 F.3d at 344 (quoting *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986); *Stuart v. Spademan*, 772 F.2d 1185, 1192-93 (5th Cir. 1985)).  The allegations that Defendant has an unspecified number of customers in Texas and conducts unspecified business in Texas do not amount to a *prima facie* showing of general personal jurisdiction.[4]  Davis does not specify the quantity of

---

[4]    *See and compare Helicopteros Nacionales*, 466 U.S. at 418–19 (holding there was no general jurisdiction over nonresident defendant that negotiated a contract in forum state, purchased (continued...)

Defendant's Texas customers, how frequently Defendant did or does business in Texas, what type of business activities Defendant conducts in Texas, whether Defendant regularly solicits business in Texas, or whether Defendant's contacts with Texas are sporadic or long term.  Davis therefore has failed to demonstrate that Defendant has substantial continuous and systematic contacts with Texas.  Dismissal is warranted.[5]  S*ee Mink*, 190 F.3d at 335.

## III.   CONCLUSION AND ORDER

Plaintiff has not established that the Court has personal jurisdiction over Defendant.  Defendant's Motion to Dismiss is meritorious.  It is hereby

---

[4]       (...continued)
helicopters from the forum state, and sent its employees for training in forum state, because such activity did not satisfy the continuous and systematic requirement); *Cent. Freight Lines*, 322 F.3d at 381 (no general jurisdiction in Texas even though defendant "routinely arranges and receives interline shipments to and from Texas and apparently sends sales people to the state on a regular basis to develop business, negotiate contracts, and service national accounts"); *Dalton v. R & W Marine, Inc.*, 897 F.2d 1359, 1362 (5th Cir. 1990) (nonresident defendant lacked the continuous and systematic contacts required to support general jurisdiction where defendant entered into charter agreements with local subsidiaries, engaged in advertising designed to reach the forum state, and purchased boats at marshals' sales within the forum state); *Internist Bank Clifton v. Fernandez*, 844 F.2d 279, 283 n.1 (5th Cir. 1988) (noting that general jurisdiction was not supported where defendant's activities in the forum—when relating only to the purchase of an airplane—were not sufficiently continuous or systematic).

[5]       Since Davis has not shown Defendant has the requisite minimum contacts with Texas, the Court does not reach the second prong of the due process analysis: "that the exercise of jurisdiction would not comply with 'fair play' and 'substantial justice.'" *Freudensprung*, 379 F.3d at 343.

**ORDERED** that Defendant Nordstrom fsb's Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction [Doc. # 21] is **GRANTED**.  It is further

**ORDERED** that the claims of Plaintiff Denise Davis against Defendant Nordstrom fsb [Doc. # 20] are **DISMISSED** for lack of personal jurisdiction, without prejudice to Plaintiff re-filing such claims in an appropriate forum.

A final order of dismissal will be entered separately.

SIGNED at Houston, Texas, this **25th** day of **August, 2006**.

_____
Nancy F. Atlas
United States District Judge